MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ARTURO MALDONADO, EDGAR
ESTEBAN REYES and JOSE RAMIREZ,
*individually and on behalf of others similarly*
*situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiffs*, | |
| | **COLLECTIVE ACTION UNDER** |
| -against- | **29 U.S.C. § 216(b)** |
| | |
| | **ECF Case** |

GOLDLYN LLC (d/b/a CERTÉ CATERING
COMPANY), PIZZA BY CERTÉ LLC (d/b/a
PIZZA BY CERTÉ), HARVEY SIEGEL,
EDWARD SYLVIA, MICHEL ZAPPA and
MIGUEL PALMA

                         *Defendants.*
-------------------------------------------------------X

Plaintiffs Arturo Maldonado, Edgar Esteban Reyes and Jose Ramirez (collectively

"Plaintiffs"), individually and on behalf of others similarly situated by and through their

attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against

Goldlyn LLC (d/b/a Certé Catering Company), Pizza by Certé LLC (d/b/a Pizza by Certé),

Harvey Siegel, Edward Sylvia, Michel Zappa and Miguel Palma (collectively "Defendants")

allege as follows:

## **NATURE OF THE ACTION**

1.      Plaintiffs are former employees of Defendants Goldlyn LLC (d/b/a Certé Catering), Pizza by Certé LLC (d/b/a Pizza by Certé) ("Corporate Defendants"), Harvey Siegel, Edward Sylvia, Michel Zappa, and Miguel Palma ("Individual Defendants").

2.       Defendants own, operate or control a catering company located at 20 West 55th Street, New York, NY 10019 under the name Certé Catering (hereinafter the catering company location"), and a restaurant located at 132 E. 56th Street, New York, NY 10022 under the name "Pizza by Certé" (hereinafter "the restaurant location").

3.      Upon information and belief, individual Defendants Harvey Siegel, Edward Sylvia, Michel Zappa and Miguel Palma serve or served as owners, managers, principals or agents of Defendant Corporations and, through these corporate entities operated or operated the Catering Company and the restaurant as joint or unified enterprises.

4.      Plaintiffs were employed  as a cafeteria worker, porter, and dispatcher and ostensibly as  delivery workers;  however, the delivery workers were required to spend a considerable part of their work day performing non-tipped, non-delivery duties, including but not limited to various restaurant duties such as, sweeping and mopping, cleaning the bathroom and the basement, wrapping food, taking out the garbage stocking  incoming merchandise, dishwashing, and transporting food from one floor to another  (hereafter the "non-tipped, non-delivery duties").

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Defendants employed and accounted for Plaintiffs Maldonado and Ramirez as delivery workers but in actuality their duties required greater or equal time spent performing the non-tipped non-delivery functions described above.

9.      Regardless, at all times Defendants paid Plaintiffs Maldonado and Ramirez at a rate that was below the minimum wage rate.

10.      Furthermore, under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

11.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs Maldonado and Ramirez's actual duties in payroll records to avoid paying them at the minimum wage rate and to enable them to pay these Plaintiffs at a rate that was below the minimum wage rate by designating them as delivery workers instead of non-tipped employees.

12.      In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs Maldonado and Ramirez's and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

13.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.  At all times relevant to this Complaint, Defendants maintained a policy and practice

of requiring Plaintiffs to work without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a catering company and a restaurant both of which are located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

18.     Plaintiff Arturo Maldonado ("Plaintiff Maldonado" or "Mr. Maldonado") is an adult individual residing in Kings County, New York. Plaintiff Maldonado was employed by Defendants from approximately February 2014 until on or about December 12, 2016.

19.     During the course of his employment, Plaintiff Maldonado worked at both the catering company and the restaurant locations.

20.     Plaintiff Edgar Esteban Reyes ("Plaintiff Reyes" or "Mr. Reyes") is an adult individual residing in Queens County, New York.  Plaintiff Reyes was employed by Defendants from approximately January 2006 until on or about September 22, 2015.

21.     During the course of his employment, Plaintiff Reyes worked at the catering company Location.

22.     Plaintiff Jose Ramirez ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in Queens County, New York.  Plaintiff Ramirez was employed by Defendants from approximately November 2014 until on or about November 2016.

23.     During the course of his employment, Plaintiff Ramirez worked at both the catering company and the restaurant locations.

24.     Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C.  § 216(b), and bring these claims based upon the allegations herein as  representative parties of a prospective class of similarly situated individuals under 29 U.S.C.  § 216(b).

*Defendants*

25.     At all relevant times, Defendants owned, operated, and/or controlled a catering service located at 20 West 55 Street, New York, NY 10019 under the name Certé Catering, and a

- 5 -

restaurant located at 132 E. 56th Street, New York, NY 10022 under the name Pizza by Certé, respectively.

26.     Upon information and belief, Defendant Goldlyn LLC (d/b/a Certé Catering) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 20 West 55th Street, New York, NY 10019, and its corporate headquarters and process address at the same address.

27.     `Upon information and belief, Defendant Pizza by Certé LLC (d/b/a Pizza by Certé) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its Principal place of business at 132 E 56th Street, New York, NY 10022, and its corporate headquarters at 20 West 55th Street, New York, NY 10019.

28.     Defendant Harvey Siegel is an individual engaging in business in this judicial district during the relevant time period.  Defendant Harvey Siegel is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

29.     Defendant Edward Sylvia is an individual engaging in business in this judicial district during the relevant time period.  Defendant Edward Sylvia is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.  He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant

Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

30.     Defendant Michel Zappa is an individual engaging in business in this judicial district during the relevant time period. Defendant Michel Zappa is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. She possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

31.     Defendant Miguel Palma is an individual engaging in business in this judicial district during the relevant time period. Defendant Miguel Palma is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

32.     Defendants own, operate a catering company and a restaurant both of which are located in midtown Manhattan in New York City.

33.     The Individual Defendants, Harvey Siegel, Edward Sylvia, Michel Zappa and Miguel Palma possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

34.     Defendants possess substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

35.     Defendants employ Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.     Upon information and belief, Individual Defendants Harvey Siegel, Edward Sylvia Michel Zappa and Miguel Palma operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things,

      a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

      b.   defectively forming or maintaining Defendant Corporations by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

- 8 -

    c.   transferring assets and debts freely as between all Defendants,

    d.   operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e.   operating Defendant Corporations for their own benefit and maintaining control over these entities as  closed corporations,

    f.   intermingling assets and debts of their own with Defendant Corporations,

    g.   diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests, and

    h.   Other actions evincing a failure to adhere to the corporate form.

37.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

38.    In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce.  As an example, numerous items that were used in the catering company and the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

40.     The Plaintiffs are former employees of defendants employed as cafeteria worker, porter and dispatcher and ostensibly as delivery workers.  However, the delivery workers spent a considerable amount of time performing the non-tipped, non-delivery Duties described above.

41.     They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arturo Maldonado*

42.     Plaintiff Maldonado was employed by defendants from approximately February 2014 until on or about December 12, 2016.

43.     Defendants ostensibly employed Plaintiff Maldonado as a delivery worker. However, Plaintiff Maldonado also was required to spend a significant portion of his work day performing the non-delivery non-tip duties described above.

44.     Although Plaintiff Maldonado ostensibly was employed as a delivery worker, he spent over 20 percent of his daily hours performing non-delivery work.

45.     Plaintiff Maldonado regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Maldonado's work duties required neither discretion nor independent judgment.

47.     From approximately February 2014 until on or about December 15, 2015, Plaintiff Maldonado worked from approximately 7:00 a.m. until on or about 3:00 p.m. Mondays through Fridays (typically 40 hours per week).

48.     Throughout his employment with defendants, Plaintiff Maldonado was paid his wages by check.

- 10 -

49.    From approximately February 2014 until on or about November 2014, defendants paid Plaintiff Maldonado $5.25 per hour.

50.    From approximately February 2015 until on or about December 12, 2015, defendants paid Plaintiff Maldonado $7.50 per hour.

51.    Plaintiff Maldonado's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.    In fact, throughout his entire employment Defendants required Plaintiff Maldonado to work an hour or more past his scheduled departure time on several occasions, and did not compensate him for the additional time they required him to work.

53.    Whenever Plaintiff Maldonado had to work more than 40 hours in a week, Defendants required Plaintiff Maldonado to only work 40 hours at the catering location and work the additional hours at the restaurant.

54.    Plaintiff Maldonado was never notified by Defendants that his tips were being included as an offset for wages.

55.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Maldonado's wages.

56.    In addition, Defendants withheld a percentage of all the daily tips clients paid Plaintiff Maldonado after he reached a certain dollar level.

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Maldonado regarding overtime and wages under the FLSA and NYLL.

58.    Defendants did not give any notice to Plaintiff Maldonado, in English and in Spanish (Plaintiff Maldonado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.    Defendants required Plaintiff Maldonado to purchase "tools of the trade" with his own funds—including a required uniform which consisted of two pairs of pants per year, 2 hats per year, two pairs of shoes per year and a number of shirts per year.

*Plaintiff Edgar Esteban Reyes*

60.    Plaintiff Reyes was employed by defendants from approximately January 2006 until on or about September 22, 2015.

61.    Defendants employed Plaintiff Reyes as a cafeteria worker and porter from approximately January 2011 until on or about June 2014 and as a dispatcher from approximately June 2014 until on or about September 2015.

62.    Plaintiff Reyes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

63.    Plaintiff Reyes' work duties required neither discretion nor independent judgment.

64.    Throughout his employment with Defendants, Plaintiff Reyes regularly worked in excess of 40 hours per week.

65.    From approximately January 2011 until on or about June  2014 Plaintiff Reyes worked as a cafeteria worker from approximately 6:00 a.m. until on or about 5:00 p.m. Mondays through Fridays, and as a cafeteria porter from approximately 5:30 p.m. until on or about 11:00 p.m. Mondays through Fridays (typically 82.5 hours per week).

66.    From approximately June 2014 until on or about September 2015, Plaintiff Reyes worked as a dispatcher from approximately 6:00 a.m. until on or about 7:00 p.m. Mondays through Fridays and as a porter from approximately 7:00 p.m. until on or about 11:00 p.m. Mondays through Fridays (typically 85 hours per week).

- 12 -

67.    Throughout his employment with defendants, Plaintiff Reyes was paid his wages in cash.

68.    From approximately January 2011 until on or about September 2015, Defendants paid Plaintiff Reyes a fixed salary of $1,050 per week.

69.    Defendants never granted Plaintiff Reyes any break or meal period of any kind.

70.    Defendants did not provide Plaintiff Reyes with each payment of wages a statement of wages, as required by NYLL 195(3).

71.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reyes regarding overtime and wages under the FLSA and NYLL.

72.    Defendants did not give any notice to Plaintiff Reyes, in English and in Spanish (Plaintiff Reyes' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

73.    Defendants required Plaintiff Reyes to purchase "tools of the trade" with his own funds—including 2 shirts per year and one hat per year.

*Plaintiff Jose Ramirez*

74.    Plaintiff Ramirez was employed by defendants from approximately November 2014 until on or about November 2016.

75.    Defendants ostensibly employed Plaintiff Ramirez as a delivery worker. However, Plaintiff Ramirez was also required to perform the non-delivery, non-tip duties described above.

76.    Although Plaintiff Ramirez was ostensibly employed as a delivery worker, he spent over 20 percent of his daily hours performing non-delivery work throughout his employment with Defendants.

- 13 -

77.     Plaintiff Ramirez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

78.     Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

79.     Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

80.     From approximately November 2014 until on or about November 2016, Plaintiff Ramirez worked from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 50 hours per week).

81.     Throughout his employment with defendants, Plaintiff Ramirez was paid his wages by check.

82.     From approximately November 2014 until on or about November 2016, defendants paid Plaintiff Ramirez $7.25 per hour.

83.     Defendants never granted Plaintiff Ramirez any break or meal period of any kind.

84.     Whenever Plaintiff Ramirez had to work more than 40 hours in a week, Defendants required Plaintiff Ramirez to only work 40 hours at the catering location and work the additional hours at the restaurant.

85.     Plaintiff Ramirez was never notified by Defendants that his tips were being included as an offset for wages.

86.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ramirez's wages.

87.     In addition, Defendants withheld a percentage of all the daily tips clients paid Plaintiff Ramirez after he reached a certain dollar level.

88.     Defendants did not provide Plaintiff Ramirez with each payment of wages a statement of wages, as required by NYLL 195(3).

89.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

90.     Defendants did not give any notice to Plaintiff Ramirez in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

91.     Defendants required Plaintiff Ramirez to purchase "tools of the trade" with his own funds; specifically, defendants deducted $30.00 from each of Mr. Ramirez's paychecks to pay for the uniform they required him to wear at the job.

*Defendants' General Employment Practices*

92.     Defendants regularly required Plaintiffs to work without paying them the proper minimum wage, spread of hours pay and overtime compensation.

93.     Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work without paying them appropriate minimum wage, overtime, and spread of hours as required by federal and state laws.

94.      Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

95.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the

FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

96.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiffs Maldonado and Ramirez, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

97.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

98.     At no time did Defendants inform Plaintiffs Maldonado and Ramirez that they had reduced their hourly wage by a tip allowance.

99.     Defendants required Plaintiffs Maldonado and Ramirez to perform the jobs of multiple employees in addition to their primary responsibilities as delivery workers. These responsibilities included the non-delivery, non-tip duties described above.

100.    Plaintiffs Maldonado and Ramirez were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent in the non-tipped functions described above.

101.    These Plaintiffs were paid at a rate that was below the minimum wage by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

102.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly,

under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

103.    Plaintiff Maldonado and Ramirez's duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated occupations with duties including the non-delivery, non-tip duties described above.

104.    In violation of federal and state law as codified above, Defendants classified Plaintiffs Maldonado and Ramirez as tipped employees and paid them at a rate that was below the minimum wage rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

105.    Defendants failed to post required wage and hour posters in the restaurant/shop, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' lack of sophistication in wage and hour laws.

106.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

107.    Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

108.    Defendants failed to provide Plaintiffs and other employees with wage statements

109.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

110.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

111.    At all relevant times, Plaintiffs, and other members of the FLSA class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

112.    The claims of Plaintiffs stated herein are similar to those of the other employees.

- 18 -

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

115.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

116.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

117.    Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

118.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

119.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

122.    Defendants' failure to pay Plaintiffs and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

123.    Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

124.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

126.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

127.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

128.    Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK LABOR LAW)

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

131.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

132.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

133.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

134.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

135.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

136.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

137.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

138.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

139.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

140.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

141.     Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

142.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION
### (VIOLATION OF THE TIP WITHHOLDING PROVISIONS OF THE NEW YORK LABOR LAW)

143.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

144.     Defendants unlawfully and without permission from Plaintiffs misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiffs.

145.     Defendants' action violated NYLL §196-d.

146.     Defendants are liable to Plaintiffs in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

147.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

148.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as pants, hats and shoes (uniforms), further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

149.     Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)    Declaring that defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

- 24 -

(q)      Awarding Plaintiffs (including the prospective collective class members) the

expenses incurred in this action, including costs and attorney's fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury


Dated: New York, New York
          January 26, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
     Michael Faillace [MF-8436]

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone:    (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 4, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Arturo Maldonado

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    04 de enero de 2017

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 9, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                Jose Ramirez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C. _____

Signature / Firma:            _____

Date / Fecha:                _____ 09 de enero de 2017 _____

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 9, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Edgar Esteban Reyes

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     09 de enero de 2017