```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
   EDGAR ESTEBAN REYES,                                           :
                                                                  :
                              Plaintiff,                          :      17-CV-0612 (JMF)
                                                                  :
              -v-                                                 :      ORDER
                                                                  :
   GOLDYN LLC et al.,                                             :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

By letter dated April 12, 2018, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement and submitted the attached Settlement Agreement for the Court's review. By Order entered April 12, 2018, the Court directed the parties to submit letters explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

The Court, having reviewed the settlement and the parties' letter dated April 12, 2018 (but filed April 13, 2018), finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See id*. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or

implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").

In addition, the Court sees no basis to reduce the proposed attorney's fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is lower than the fee provided in the agreement between Plaintiff and counsel. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F.Supp.2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Accordingly, the Court approves the settlement and dismisses the case with prejudice.

The Clerk of the Court is directed to close this case. All pending motions are moot. The trial and the final pretrial conference are both cancelled.

SO ORDERED.

Dated: New York, New York
      April 13, 2018

_____
JESSE M. FURMAN
United States District Judge

2